UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANETTE BROWN                          CIVIL ACTION

VERSUS                                  NO: 09-5811

PREMIUM FOOD CONCEPTS, INC.             SECTION: R(5)


## ORDER AND REASONS

Before the Court is defendant Premium Food Concepts, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) and Federal Rule of Civil Procedure 4(m).[1] Also before the Court is plaintiff Jeanette Brown's motion for an extension of time to serve process on Premium Food.[2] For the following reasons, the Court DENIES Premium Food's motion and GRANTS Brown's motion.


## I.    BACKGROUND

In February 2007, defendant Premium Food Concepts, Inc. hired plaintiff Jeanette Brown to work as an assistant manager in its Franklinton, Louisiana store.[3] Plaintiff's immediate supervisor was Melanie Rivero.[4] Brown alleges that Revero both made sexually suggestive remarks and touched Brown on her

---

[1]    (R. Doc. 6.)

[2]    (R. Doc. 12.)

[3]    (R. Doc. 1.)

[4]    *Id.*

buttocks on more than one occasion during Brown's employment.
Brown also alleges that Rivero made racially derogatory comments
to Brown.  Brown first told Rivero that her conduct and remarks
were not welcome.  Yet, Rivero allegedly continued to make
sexually suggestive and racially derogatory remarks, as well as
touch Brown.  Brown next complained about Rivero's conduct to
Elsa Thompson and Keith Wicker.  Nonetheless, Rivero allegedly
continued to speak and touch Brown in an offensive way.  On July
18, 2008, Rivero terminated Brown.

Sometime before May 21, 2009, Brown filed a charge of
employment discrimination with the Equal Employment Opportunity
commission (EEOC).  On May 21, 2009, the EEOC issued Brown a
right to sue letter, which required Brown to file her lawsuit in
a federal or state court within 90 days.[5]

On August 18, 2009, plaintiff filed this suit alleging
violations under Title VII of the Civil Rights Act of 1964.
Specifically, Brown claims that she was subject to racial and
sexual harassment by Rivero, Premium Food failed to address
Rivero's conduct, and Premium Food fired her because she
complained about Rivero's conduct.

On December 2, 2009, Brown sent Premium Food a letter
requesting that it waive service of process and providing it a
30-day window of time to do so.  The letter also enclosed a copy

_____

[5]    (R. Doc. 1.)

of the complaint, a notice of the lawsuit, and a request for mediation. Premium Food did not respond. On December 8, 2009, Brown's counsel allegedly spoke to the president of Premium Foods, Charles Carlson. In the conversation, Brown's counsel and Carlson allegedly discussed the possibility of mediating this matter, but no date for mediation was set.

On January 25, 2010, this Court entered an order to show cause as to why the lawsuit should not be dismissed for failure to prosecute. In its order the Court noted that over 120 days had passed since the case was filed, and no issue had been joined. On January 27, 2010, personally served Premium Food with a copy of the complaint.

Premium Food now moves the Court to dismiss this case under Federal Rule of Civil Procedure 4(m) and 12(b)(5) because Brown failed to serve it with process within 120 days of filing her complaint.[6] Premium Food also requests attorney fees and costs.[7] Brown, in addition to opposing Premium Food's motion, asks the Court to extend the time-frame within which Rule 4(m) requires service of process under Rule 6(b).[8]

---

[6]  (R. Doc. 6.)

[7]  *Id.*

[8]  (R. Doc. 11.)

3

## II. LEGAL STANDARD

Rule 12(b)(5) allows a defendant to challenge the method of service attempted by the plaintiff.[9]  If challenged, the party responsible for serving has the burden to show that the service was valid.[10]

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), the Court must first determine whether "good cause" exists.[11]  If "good cause" does exist, the Court must extend the time requirement for service of process.[12]  "If 'good cause' does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."[13]  "The district court enjoys a broad discretion in determining whether to dismiss an action for

---

[9]      *See* Fed. R. Civ. P. 12(b)(5).

[10]     *Signs Supplies v. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990).

[11]     *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[12]     *Id.*

[13]     *Id.*

ineffective service of process."[14]

"Good cause" requires "'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[15] Showing good cause typically requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified."[16] To determine whether "good cause" exists, the Court looks at the actions of the plaintiff that took place within the requisite period of time.[17]

## III. DISCUSSION

Brown argues that she was late in serving Premium Food because she thought Premium Food was willing to mediate the case.[18] Brown further contends that Premium Foods is not prejudiced by her failure to serve it in 120 days because Premium

---

[14] *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir.1986).

[15] *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 Fed. App'x 688, **3 (5th Cir. 2008)(quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[16] *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).

[17] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

[18] (R. Doc. 11.)

Food received actual notice of the lawsuit on December 2, 2009.[19]

The Court grants Brown's motion to extend the time in which service of process can be made. Premium Food received insufficient service on December 2, 2009, when Brown sent Premium Food a letter, which included a copy of her complaint in this lawsuit. Though the letter did not formally comply with the technical requirement of Rule 4(c), an extension of the deadline for service may be warranted "when a plaintiff acts reasonably and in good faith and a defendant had actual notice of the litigation."[20] Here, Brown's counsel engaged Premium Food and its counsel, and the parties corresponded with each other. This is not a case in which an unsuspecting corporate defendant has no knowledge of court proceedings instituted against it. The Court thus finds that dismissal is not warranted.

Premium Food argues that if the Court extends the time for service it will suffer actual prejudice. Specifically, Premium Food contends that "it is entitled to expect that it will no longer have to defend against the claim" because Brown filed this lawsuit right before the expiration of the 90 day period granted

_____

[19]    *Id.*

[20]    *Jacob, et al. v. Barriere Construction Company, LLC.*, No. 08-3795, 2009 WL 2390869 (E.D.La. July 30, 2009) ("determination of good cause under Rule 4 is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'")(quoting *Romandette v. Weetabix Co.,* 807 F.2dd 309, 311 (2d Cir. 1986).

6

by her EEOC right to sue letter, and thus will be time-barred
from re-filing this action if the Court dismisses it.[21]  In
support, Premium Food relies on *Gartin v. Par Pharmaceutical
Companies, Inc.*[22], an unpublished Fifth Circuit opinion.[23]  In
*Gartin*, the Fifth Circuit held that a district court did not
abuse its discretion by refusing to extend the time for service
when the plaintiff "engaged in a clear pattern of delay and
neglect with respect to the defendant seeking dismissal under
Rule 4(m)."[24]

This case is distinguishable from *Gartin*.  In *Gartin*, the
plaintiff waited seven-months between filing suit and service of
process.[25]  In addition, the plaintiff in *Gartin* improperly
served a single defendant, rather than all named defendants.  The
Fifth Circuit noted that such a "mistake of counsel" or
"ignorance of the rules" did not establish "good cause" under
Rule 4(m).[26]  Here, Brown served Premium Food two days after

---

[21]    (R. Doc. 6.)(quoting *Gartin v. Par Pharmaceutical
Companies, Inc.*, 289 Fed. App'x 688 (5th Cir. 2008).

[22]    289 Fed. App'x 688 (5th Cir. 2008).

[23]    (R. Doc. 15.)

[24]    *Gartin*, 289 Fed. App'x at 694 (applying the standard of
review under *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th
Cir.1992), for a dismissal with prejudice).

[25]    *Gartin*, 389 Fed. App'x at 693.

[26]    *Gartin*, 389 Fed. App'x at 693.

receiving the Court's order to show cause.  The potential

prejudice in *Gartin* resulted from the fact that the defendants

were not "put on formal notice and allowed a full opportunity to

discover and preserve relevant evidence."[27]  In this case,

Premium Food was not surprised by its receipt of Brown's service.

At the time, Premium Food had received Brown's December letter,

including a copy of the complaint in this action.[28]  Premium Food

also was in communication with Brown's attorney.[29]  As a result,

dismissal of this action would prejudice Brown—not Premium Food—

-by barring Brown from pursuing her otherwise timely filed

action.  The Advisory Committee notes that "if the applicable

statute of limitations would bar the refiled action," an

extension of time is warranted.[30]  That is the case here.  The

Court thus grants Brown's request for an extension of time for

service of process and consequently denies Premium Food's motion

to dismiss.[31]

---

[27]    *Id.* (quoting *Sealed Appellant v. Sealed Appellee*, 452
F.3d 415, 418 (5th Cir. 2006)).

[28]    (R. Doc. 11.)

[29]    *Id.*

[30]    Fed. R. Civ. P. 4(m) advisory committee's note (1993).

[31]    (R. Doc. 6.)

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Premium Food's motion to dismiss[32], GRANTS Brown's motion for an extension of time for service of process[33], and finds that Brown has properly served process on Premium Food.


New Orleans, Louisiana, this __5th__ day of May, 2010.

_Sarah Vance_
_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[32]    (R. Doc. 6.)

[33]    (R. Doc. 12.)